**James E. AKINS, et al., Appellants,**

v.

**FEDERAL ELECTION COMMISSION, Appellee.**

No. 94–5088.

United States Court of Appeals, District of Columbia Circuit.

Aug. 7, 1998.

Before: EDWARDS, Chief Judge; WALD, SILBERMAN, WILLIAMS, GINSBURG, SENTELLE, HENDERSON, RANDOLPH, ROGERS, TATEL, and GARLAND, Circuit Judges.

### O R D E R

PER CURIAM:

Upon consideration of the mandate of the Supreme Court of the United States issued on July 1, 1998, it is

**ORDERED,** by the court *en banc,* on its own motion, that the order of the district court granting summary judgment to the Federal Election Commission (FEC) be, and the same hereby is, vacated. It is

**FURTHER ORDERED** that the case be remanded to the district court with instructions to remand the matter to the FEC for further proceedings.

The Clerk is directed to transmit a certified copy of this order to the district court in lieu of a formal mandate.

SILBERMAN, Circuit Judge:

I write only to explain to surely mystified observers what has occurred in this case. The Supreme Court, as is apparent, affirmed our *en banc* holding as to standing, *FEC v. Akins,* —— U.S. ——, —— – ——, 118 S.Ct. 1777, 1783–87, 141 L.Ed.2d 10(1998), but rather than decide the merits, vacated our decision so that the case could be remanded to the *FEC, id.* at 1787–88, 118 S.Ct. 1777.

The Court did so because it learned, through an *amicus* brief filed by AIPAC in the Supreme Court (claiming the case was "moot"), that the FEC might have an alternative rationale for declining to bring enforcement proceedings against AIPAC. AIPAC pointed to a part of the Act that—for purposes of counting the expenditures made by an organization to determine whether they surpass $1,000 (a prerequisite to deeming an organization a "political committee")—excludes from the definition of "expenditure" any disbursements made in the course of the organization's communications with its own "members." *See Amicus* Brief of AIPAC at 13, citing 2 U.S.C. § 431(9)(B)(iii). AIPAC asserted that if the people who belong to AIPAC were "members" within the meaning of the Act, its activities would qualify for the "membership communications" exception and

would therefore not exceed the $1,000 threshold. AIPAC alerted the Court to constitutional doubts regarding the FEC's former regulation defining "members," *see Chamber of Commerce of the United States v. FEC*, 69 F.3d 600 (D.C.Cir.1995), and to the FEC's pending rulemaking to revise the regulation in light of those doubts. *See Amicus* Brief at 13–19. All this led the Court to vacate our decision and remand the case to the FEC to develop its new rules defining "membership organization." The Court stated that by remanding, "[w]e can thereby take advantage of the relevant agency's expertise, by allowing it to develop a more precise rule that may dispose of this case, or at a minimum, will aid the Court in reaching a more informed conclusion." *Akins*, —— U.S. at ——, 118 S.Ct. at 1788.

What is so remarkable about the Court's decision to vacate our decision and remand to the FEC rather than decide the case on the merits is that the linchpin of the Court's decision is an argument—pressed by an *amicus curiae* (ostensibly, as a jurisdictional objection)—upon which the FEC did not rely in declining to bring enforcement proceedings against AIPAC, and which therefore forms no part of the agency decision that the district court, we, and the Supreme Court reviewed. Before us, the FEC defended its non-enforcement decision solely on the ground that the Supreme Court's definition of "political committee" in *Buckley v. Valeo*, 424 U.S. 1, 79, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), which requires that the organization have as its "major purpose ... the nomination or election of a candidate," is the statutory definition in all contexts; thus, the FEC contended that AIPAC's lack of such "major purpose" meant that AIPAC did not qualify as a "political committee." AIPAC, not appearing before us—either as a party or as an *amicus*—presented no defense at all of the FEC's decision. We addressed the FEC's argument, and rejected it because we

thought the *Buckley* definition of "political committee" does not apply when the constitutional concerns underlying the *Buckley* Court's reasoning are not present. *Akins v. FEC*, 101 F.3d 731, 742 (D.C.Cir.1996).

In short, no one ever suggested to us that the issue raised by AIPAC in the Supreme Court was even implicated in this case.[1] I recognize that the Supreme Court has moved pretty far from traditional notions of judicial restraint that confine courts to issues presented by the parties, *see United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 445–49, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993), but I think this decision represents another large step in that regrettable process insofar as it was an *amicus*—an *amicus* who had not appeared until the case reached the Supreme Court—who made the dispositive argument, one which was never once made before us.

The Supreme Court has seemingly inverted a central doctrine of administrative law to boot. In disposing of the case based on a rationale for the agency's decision asserted for the first time before the Supreme Court, the Court has turned *Chenery* upside down. *See SEC v. Chenery Corp. (Chenery I)*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). Adherence to *Chenery* seemingly would have required the Court to determine, based on the ground asserted by the FEC in reaching its decision, the validity of that decision. A holding that the FEC's decision was invalid would leave the FEC free to reach the same decision on another ground. *SEC v. Chenery (Chenery II)*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

---

1. The FEC's brief in the Supreme Court deceptively implied that AIPAC had brought the membership communication issue to our attention. *See* Petitioner's Reply Brief at 7, n.7 ("AIPAC has consistently maintained that the alleged contributions in this case involved communications to

its own members, which are specifically exempted from the statutory definition of 'expenditure.' "). The FEC neglected to mention that AIPAC made this contention *only* to the FEC and that AIPAC did not even appear before either the panel or the *en banc* court.